UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
SAIFULLAH PARACHA,                          )
                                                            )
                 Petitioner,                            )
                                                            )
        v.                                                  )          Civil Action No. 04-2022 (PLF)
                                                            )
DONALD J. TRUMP, et al.,                     )
                                                            )
                 Respondents.                        )
_____)

MEMORANDUM OPINION AND ORDER

        Currently before the Court is Petitioner's Motion to Modify Protective Order

("Mot.") [Dkt. No. 552].  In 2004, Judge Joyce Hens Green, the coordinating judge overseeing

Guantanamo habeas cases, issued a protective order requiring the government to "arrange for one

appropriately approved secure area for the use of petitioners' counsel."  In re Guantanamo

Detainee Cases, 344 F. Supp. 2d 174, 178 (D.D.C. Nov. 8, 2004).  In 2008, Judge Thomas

Hogan similarly issued a protective order requiring the government to "arrange for one

appropriately approved secure area for petitioner's counsel to use."  Protective Order and

Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo

Bay, Cuba [Dkt. No. 185] at ¶ 19.

        On March 4, 2020, petitioner filed a motion requesting this Court to modify the

protective order.  Mot. at 1.  Petitioner requested this Court to "order the classified documents to

be transported to, and maintained within, a Cleveland-area SCIF for the pendency of Mr.

Paracha's appeal from the denial of his petition for habeas corpus."  Id.  Petitioner points out that

counsel has "spent approximately $70,000" in travel expenses in order to travel to the District of

Columbia to review classified documents in preparation for the merits hearing.  Id. at 2.

Petitioner also states that counsel will have to travel more during the appeal process, which will

be especially problematic with the current coronavirus pandemic.  Reply to Respondents' Opp.

to Petitioner's Mot. to Modify Protective Order [Dkt. No. 554] at 1-2.  Petitioner's counsel

acknowledges that the coronavirus crisis is causing travel-related restrictions not just on her

office, but also "presumably [on] most federal agencies."  Id. at 2.

Respondents have opposed this motion.  Respondents' Opp. to Petitioner's Mot.

to Modify Protective Order [Dkt. No. 553] at 1.  While respondents acknowledge the burden of

travel on petitioner's counsel, respondents argue that "[r]equiring Respondents to find an

appropriate SCIF in the Cleveland area and have it properly maintained would involve a

significant burden on the government that outweighs the costs of Petitioner's counsel litigating

the classified aspects of this appeal from the Washington, DC area."  Id. at 3.  Respondents

further state the multiple trips required by the Classified Information Security Officers to

transport the requested materials would be unduly burdensome.  Id. at 5-6.  Respondents also

note the pandemic-related travel restrictions that have been imposed on government employees.

Id. at 7 n.3.

Respondents cite an opinion by Judge John Bates in which he denied a similar

request to modify a protective order.  See Al-Ghizzawi v. Obama, et al., Civil Action

No. 05-2378 [Dkt. No. 197] at 2 (Feb. 26, 2009).  Judge Bates stated that "[a]lthough the Court is

sympathetic to plaintiff's counsel and to the strain placed upon her time and resources in

traveling from Chicago to the secure facility in Washington, D.C., the Court is unwilling at this

time to upset the carefully considered judgment of Judge Green and, subsequently, Judge Hogan

as coordinating judge, in ordering the establishment and use of one, centralized secure facility in Washington." Al-Ghizzawi v. Obama, et al., Civil Action No. 05-2378 [Dkt. No. 197] at 2.

For the reasons expressed by the government and by Judge Bates in his opinion, the Court will deny the petitioner's motion. It also observes that the briefing schedule set by the court of appeals may not hold in light of the current coronavirus pandemic. However, even if it does, appellate argument will not occur until the Fall of 2020 at the earliest.

For all of these reasons, it is hereby ORDERED that the Petitioner's Motion for Modification of Protective Order [Dkt. No. 552] is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 27, 2020

3